Case No. 16-50892

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Syndicate BRIT2987
Subscribing to Policy Number BRIT13329,
Plaintiff - Appellee

v.

STERLING CUSTOM HOMES, INCORPORATED,
Defendant - Appellant

———————————————————————

On APPEAL from the United States District Court for the
Western District of Texas, Austin Division
Trial Court Cause No. 1:15-cv-1032

———————————————————————

APPELLANT STERLING CUSTOM HOMES, INCORPORATED'S
OPPOSED MOTION FOR LEAVE TO SUPPLEMENT RECORD PURSUANT
TO FEDERAL RULE OF EVIDENCE 201 AND THE INHERENT POWERS OF
THE COURT

———————————————————————

Respectfully submitted,

_____

J. Chad Gauntt
Attorney in Charge
W. Chris Surber

GAUNTT, KOEN, BINNEY, WOODALL
& KIDD, LLP
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
(281) 367-6555
(281) 367-3705 (Facsimile)
Email: chad.gauntt@gkbwklaw.com
Email: chris.surber@gkbwklaw.com

Attorneys for Defendant-Appellant
STERLING CUSTOM HOMES, INC.

**APPELLANT STERLING CUSTOM HOMES, INCORPORATED'S
OPPOSED MOTION FOR LEAVE TO SUPPLEMENT RECORD**

1.     Pursuant to Federal Rule of Evidence 201 and the court's inherent authority to supplement the record on appeal, Appellant respectfully requests that this Court grant Appellant leave to file supplemental documents in support of Appellant's reply brief on the issue of mootness.

2.     Rule 201(b)(2) of the Federal Rules of Evidence provides that a court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 201(b)(2).  The judicial notice may be taken at any stage of the proceeding, even on appeal.  FED. R. EVID. 201(d).

3.     "Judicial notice is frequently taken, of course, of developments not of record subsequent to a lower court decision in the application of the mootness doctrine by appellate courts." *Landy v. Fed. Deposit Ins. Corp.*, 486 F.2d 139 (3rd Cir. 1973) (taking judicial notice of court documents), *cert. denied,* 416 U.S. 960, 94 S. Ct. 1979, 40 L. Ed. 2d 312 (1974).  The 5th Circuit has previously taken judicial notice of unimpeached certified copies of deeds and assignments as well as properly authenticated sales agreements.  *Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034 (5th Cir. 1994).

4.     Consideration of new facts may be mandatory when developments render a controversy moot and thus divest the court of jurisdiction.  *Lowry v.*

1

*Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003); *see Arizonans for Official English* v. *Arizona*, 520 U.S. 43, 68 n.23, 137 L. Ed. 2d 170, 117 S. Ct. 1055 (1997) ("It is the duty of counsel to bring to the federal [appellate] tribunal's attention, '*without delay*,' facts that may raise a question of mootness.").

5.     While this appeal was pending, developments occurred in the State Court Action which raise a question of mootness and the record should be supplemented to include this new, additional information.  Specifically, the District Court entered partial summary judgment on the question of whether Appellant was an additional insured for Espinoza's liability arising out of Espinoza's ongoing operations and whether the cross-suit exclusion applied.   This appeal then followed.  Appellant focused its brief on the rulings in the District Court's order, which did not reach the questions of whether the oral contracts, independent contractors, or overspray or spillage exclusions applied.  After Appellant submitted its brief on appeal, Appellant obtained a partial summary judgment in the State Court Action on Appellant's negligence claim against Espinoza. Appellee then filed a reply brief and argued that there were additional reasons for affirming the District Court's ruling, namely the oral contracts exclusion, the independent contractors exclusion, and the overspray or spillage exclusion.  Next, the State Court Action dismissed Appellant's breach of contract, breach of express warranty, and negligent hiring claims and made the partial summary judgment on the

negligence claim a final judgment. The State Court Action is no longer pending and all claims have either been dismissed or made part of a final judgment. Thereafter, Appellant submitted its reply brief and raised the issue of mootness concerning whether the oral contracts exclusion applied to bar coverage, whether the Policy covered Espinoza's employees, and whether the independent contractors exclusion applied to bar coverage

6. The timeline concerning the relevant dates of the various rulings and filings referenced in the preceding paragraph are set forth below.

| # | Date | Description |
|---|------|-------------|
| i. | 06/22/2016 | District Court entered judgment in favor of Appellee and issued order finding Appellant additional insured under Policy and that the Cross Suit Exclusion applied to bar coverage |
| ii. | 10/24/2016 | Appellant filed appellate brief with 5th Circuit |
| iii. | 11/29/2016 | State Court Action entered partial summary judgment in favor of Appellant and against Espinoza on Appellant's negligence claim |
| iv. | 12/23/2016 | Appellee filed reply brief with 5th Circuit |
| v. | 01/04/2017 | State Court Action dismissed breach of contract, breach of warranty, and negligent hiring claims |

| vi. | 01/04/2017 | State Court Action made partial summary judgment on negligence claim a final judgment |
| vii. | 01/06/2017 | Appellant filed reply brief with 5th Circuit |

*See* ROA.1028–41; Exhibits A, B, and C; Appellant's Br.; Appellee's Br.; and Appellant's Reply Br.

7.     Pursuant to Federal Rule of Evidence 201 and the inherent powers of the court, Appellant asks the court for leave to file supplement documents, which are relevant to the issues of whether the oral contracts and independent contractors exclusions apply to bar coverage for the subject loss.  The supplemental documents that Appellant seeks leave to file are attached hereto as Exhibits A, B, and C.  The supplemental documents are all certified copies of orders signed by the court in the State Court Action.  As certified records, the accuracy of the orders cannot reasonably be questioned, and the court may take judicial notice of the orders per Rule 201(b)(2) of the Federal Rules of Evidence.  Further, because the orders go to the issue of whether the exclusions in question are now moot, the court has inherent power to grant Appellant leave to supplement the record with the orders entered in the State Court Action.

8.     WHEREFORE, Appellant, Sterling Custom Homes, Inc., respectfully requests that this court grant it leave to supplement the record with Exhibits A, B,

and C, certified copies of orders signed by the court in the State Court Action, pursuant to Federal Rule of Evidence 201 and the court's inherent powers.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on January 10, 2017. Accordingly, pursuant to the local rules of the Fifth Circuit Court of Appeals, the following parties were served with this document upon its electronic filing:

Mr. Jerry Kimmitt
Mr. Marc Kutner
Legge, Farrow, Kimmitt, McGrath & Brown, L.L.P.
5151 San Felipe, Suite 400
Houston, TX 77056
Telephone:  713-917-0888
Facsimile:   713-953-9470
*Attorneys for Appellee, Certain Underwriters at Lloyd's of London*

_____
J. Chad Gauntt

# CERTIFICATE OF CONFERENCE

In accordance with Rule 27.4 of the Rules and Internal Operating Procedures of the United States Court of Appeals for the 5th Circuit, I, William Christopher Surber, attorney for Defendant-Appellant, Sterling Custom Homes, Inc., hereby certify that on January 9, 2017, I emailed Gerald Kimmitt and Marc Kutner, attorneys for Plaintiff-Appellee, Certain Underwriters at Lloyd's of London, Syndicate BRIT2987, Subscribing to Policy Number BRIT13329, to determine if counsel were opposed or unopposed to this motion for leave to supplement the record with additional documents.

On January 10, 2017, counsel for Appellee, Gerald Kimmitt, indicated that Appellee was opposed to this motion to supplement the record and that counsel for Appellee intended to file an opposition to the instant motion.

_____
William Christopher Surber
Attorney for Appellant,
Sterling Custom Homes, Inc.

# CERTIFICATE OF COMPLIANCE WITH
# TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENT
# AND TYPE STYLE REQUIREMENTS

1.   This motion complies with the type-volume limitation of 5TH CIR. R. 27.4 and FED. R. APP. P. 27(d)(2) because:

>  This motion contains 897 words and is 5 pages long, excluding the accompanying documents exempted by FED. R. APP. P. 27(a)(2)(B).

2.   This motion complies with the typeface requirements of FED. R. APP. P. 27(d)(1)(E), FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

>  This motion has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman font size 14.

_____
J. Chad Gauntt
Attorney for Appellant,
Sterling Custom Homes, Inc.

# EXHIBIT A

Case: 16-50892　　Document: 39　　Page: 12　　Date Filed: 01/10/2017

CAUSE NO. D-1-GN-15-005054

| | | |
|---|---|---|
| STERLING CUSTOM HOMES, INC. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| SILVESTRE ESPINOSA, INDIVIDUALLY | § | |
| AND D/B/A S&S PAINTING, | § | |
| *Defendants.* | § | 201ST JUDICIAL DISTRICT |

---

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CERTAIN CLAIMS WITHOUT PREJUDICE

---

On this day came on to be heard and considered the motion filed by Plaintiff, Sterling Custom Homes, Inc., to dismiss without prejudice Plaintiff's causes of action against Defendants for breach of contract, breach of express warranty, and negligent hiring, supervision, and training. The Court is of the opinion that the Motion should in all things be GRANTED. It is, therefore,

ORDERED, ADJUDGED, AND DECREED by the Court that Plaintiff's causes of action against Defendants for breach of contract, breach of express warranty, and negligent hiring, supervision, and training are, hereby, dismissed without prejudice.

SIGNED on this the __4th__ day of __January__, ~~2016.~~ 2017

_____
JUDGE PRESIDING

KARIN CRUMP



**APPROVED AS TO FORM AND ENTRY REQUESTED BY:**

GAUNTT, KOEN, BINNEY,
WOODALL & KIDD, L.L.P.

By: _____
     J. Chad Gauntt
     State Bar No. 07765990
     W. Chris Surber
     State Bar No. 24064052
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email:    chad.gauntt@gkbwklaw.com
          chris.surber@gkbwklaw.com
Counsel for Plaintiff

OF COUNSEL:

     s/ - Charles "Chuck" Grigson
By: _____
     Charles "Chuck" Grigson
     State Bar No. 08492500
Law Office of Charles O. Grigson
604 W. 12th Street
Austin, TX 78701
Telephone:    512-477-5791
Facsimile:    512-479-6417
Email:    grigson@flash.net
Co-counsel for Plaintiff



I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: _____



I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on ___01/04/2017___

VELVA L. PRICE

DISTRICT CLERK

By Deputy:





# EXHIBIT B

CAUSE NO. D-1-GN-15-005054

| | | |
|---|---|---|
| STERLING CUSTOM HOMES, INC. | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| SILVESTRE ESPINOSA, INDIVIDUALLY | § | |
| AND D/B/A S&S PAINTING, | § | |
| *Defendants.* | § | 201ST JUDICIAL DISTRICT |

---

**ORDER GRANTING PLAINTIFF STERLING CUSTOM HOMES, INC.'S
TRADITIONAL MOTION FOR PARTIAL SUMMARY JUDGMENT ON
PLAINTIFF'S NEGLIGENCE CLAIM ONLY**

---

After considering Plaintiff Sterling Custom Homes, Inc.'s Traditional Motion for Partial

Summary Judgment on Plaintiff's negligence claim only, the response, the reply, and arguments

of counsel, if any, the Court finds that the motion is MERITORIOUS and should in all things be

GRANTED. It is, therefore,

ORDERED, ADJUDGED, AND DECREED that Plaintiff's Traditional Motion for

Partial Summary Judgment on Plaintiff's claim against Defendants for negligence only is hereby

GRANTED. It is, further,

ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of Plaintiff,

Sterling Custom Homes, Inc., and against Defendants, Silvestre Espinosa individually and doing

business as S&S Painting, on Plaintiff's claim for negligence. It is, further,

ORDERED, ADJUDGED, and DECREED that Plaintiff, Sterling Custom Homes, Inc.,

recover jointly and severally from Defendants, Silvestre Espinosa individually and doing

business as S&S Painting, actual and consequential damages proximately caused by Defendants'

negligence in the amount of $1,281,447.45. The Court further orders that Plaintiff recover from

Defendants, jointly and severally, pre-judgment interest at the rate of 5% per annum from the date suit was filed, and post-judgment interest at the rate of 5% per annum from the date this judgment is signed until paid.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.  Let execution issue for this judgment.

SIGNED on this the 29 day of Nov., 2016.

_____
PRESIDING JUDGE

**APPROVED AS TO FORM AND ENTRY REQUESTED BY:**

GAUNTT, KOEN, BINNEY,
WOODALL & KIDD, L.L.P.

By:_____
     J. Chad Gauntt
     State Bar No. 07765990
     W. Chris Surber
     State Bar No. 24064052
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email:     chad.gauntt@gkbwklaw.com
        chris.surber@gkbwklaw.com
Counsel for Plaintiff


OF COUNSEL:

     s/ - Charles "Chuck" Grigson
By: _____
     Charles "Chuck" Grigson
     State Bar No. 08492500
Law Office of Charles O. Grigson
604 W. 12th Street
Austin, TX 78701
Telephone:    512-477-5791
Facsimile:    512-479-6417
Email:     grigson@flash.net
Co-counsel for Plaintiff

# EXHIBIT C

Case: 16-50892    Document: 39    Page: 20    Date Filed: 01/10/2017

CAUSE NO. D-1-GN-15-005054

| | | |
|---|---|---|
| STERLING CUSTOM HOMES, INC. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| SILVESTRE ESPINOSA, INDIVIDUALLY | § | |
| AND D/B/A S&S PAINTING, | § | |
| *Defendants.* | § | 201ST JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF STERLING CUSTOM HOMES, INC.'S MOTION FOR ENTRY OF FINAL JUDGMENT

On this day came on to be heard and considered the Plaintiff's motion to make final the order granting Plaintiff partial summary judgment on Plaintiff's negligence claim, which the Plaintiff filed subject to Plaintiff's motion to dismiss without prejudice Plaintiff's causes of action asserted against Defendants for breach of contract, breach of express warranty, and negligent hiring, supervision, and training. The Court is of the opinion that the Motion should in all things be GRANTED. It is, therefore,

ORDERED, ADJUDGED, AND DECREED by the Court that, after dismissing Plaintiff's causes of action for breach of contract, breach of express warranty, and negligent hiring, supervision, and training, the Motion for Entry of Final Judgment is GRANTED. It is, further,

ORDERED, ADJUDGED, AND DECREED by the Court that the Order Granting Plaintiff Partial Summary Judgment on Plaintiff's negligence claim which the Court signed and entered on November 29, 2016 is a final judgment disposing of all parties and all claims and causes of action asserted in the above-styled and numbered cause and is appealable.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment. Let execution issue for this judgment.

All costs are to be apportioned to the party incurring the same.

All relief not specifically granted is DENIED.

The Clerk of the Court shall remove this case from the Court's docket and dismiss the case.

SIGNED on this the _____ day of _____, 2016.

_____

JUDGE PRESIDING

KARIN CRUMP



---

ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

**APPROVED AS TO FORM AND ENTRY REQUESTED BY:**

GAUNTT, KOEN, BINNEY,
WOODALL & KIDD, L.L.P.

By: _____
        J. Chad Gauntt
        State Bar No. 07765990
        W. Chris Surber
        State Bar No. 24064052
1400 Woodloch Forest Drive, Suite 575
The Woodlands, Texas 77380
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email:        chad.gauntt@gkbwklaw.com
              chris.surber@gkbwklaw.com
Counsel for Plaintiff


OF COUNSEL:

        s/ - Charles "Chuck" Grigson
By: _____
        Charles "Chuck" Grigson
        State Bar No. 08492500
Law Office of Charles O. Grigson
604 W. 12th Street
Austin, TX 78701
Telephone:    512-477-5791
Facsimile:    512-479-6417
Email:        grigson@flash.net
Co-counsel for Plaintiff

I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that the
a true and correct copy as same appears of
record in my office, Witness my hand and seal of
office on

VELVA L. PRICE
DISTRICT CLERK
By Deputy:



I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on ___01/04/2017___

VELVA L. PRICE
DISTRICT CLERK
By Deputy: